IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-45-BO

| | |
|---|---|
| ROBERTA L. LEWARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. A hearing on the motions was held before the undersigned on June 14, 2019, at Edenton, North Carolina. For the reasons that follow, plaintiff's motion is granted and this matter is remanded to the Commissioner for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively applied for DIB and SSI on April 8, 2015, alleging disability beginning April 1, 2013. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is

assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the ALJ determined that plaintiff met the insured status requirements through December 31, 2017, and that she had not engaged in substantial gainful activity since her alleged onset date. The ALJ found plaintiff's osteoarthritis and degenerative disc disease were severe impairments at step two, but determined at step three that plaintiff did not have an impairment or combination of impairments which met or medically equaled a Listing. The ALJ found plaintiff to have an RFC of medium work with exertional and non-exertional limitations, and that at step four plaintiff could return to her past relevant work as a cottage cleaner/maid. Thus, a finding of not disabled was directed.

The ALJ erred in this matter in failing to develop the record by ordering a new consultative examination to discern the extent of plaintiff's intellectual disability. A consultative exam was ordered and an intelligence quotient (IQ) test was performed, Tr. 90, but the examiner deemed the results invalid because he determined that plaintiff's performance was marked by inadequate performance. Tr. 323. Although plaintiff contested the validity of the consultative examiner's findings and requested a second IQ test, the ALJ issued her final decision without ordering one.

In the face of the record evidence which showed that plaintiff could read on a third grade level, that she had stopped school in the ninth grade, that when she was in school she was in special education classes, and that she could not handle her own finances, *see, e.g.,* Tr. 36-40; 273, 302, the ALJ's decision to rely on the consultative examiner's conclusion that plaintiff was malingering was not supported by substantial evidence. An "ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record . . .." *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir. 1986). Even if a valid IQ for plaintiff is obtained showing a score in the 60s or 70s, such limitation is necessary for the ALJ to consider in order to make a determination as to plaintiff's ability to engage in substantial gainful activities. *See, e.g.,* SSR 85-16. A second IQ test is necessary to adequately develop the record so that the ALJ might make a decision supported by substantial evidence.

As to plaintiff's second argument, the Court finds that plaintiff's challenge to the constitutionality of the ALJ's appointment in light of *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), was waived. Plaintiff failed to raise any challenge to the ALJ's appointment at any point in the administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury,* 567 U.S. 1, 23 (2012) (requiring plaintiff to exhaust her constitutional claim before seeking review in federal court). Because plaintiff failed to timely raise her Appointments Clause claim, it has been forfeited, and no remand is necessary on that basis.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The motions for out-of-district appearance for the purposes of the 14 June 2019 hearing [DE 25 & 26] are ALLOWED. The Commissioner's decision is REMANDED for further proceedings consistent with the foregoing.

SO ORDERED, this _26_ day of June, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE